UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| Antonio Nunez, | § | CIVIL ACTION NO. 3: 12-CV-333 |
|     Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| John M. McHugh, | § | |
| Secretary of the Army, | § | |
|     Defendant. | § | A JURY IS DEMANDED |

**Plaintiff's Original Complaint**

This is an action under Section 501 of the Rehabilitation Act of 1973 to correct unlawful employment practices for civilian police officers at Fort Bliss, an installation of the United States Army. Since 2002, Antonio Nunez has worked as a police officer at Fort Bliss. On September 14, 2011, Antonio Nunez was placed on light duty because he has diabetes. Despite his fine work as a police officer and his ability to perform the essential functions of the job, he was removed from full duty by an Army physician with no expertise in diabetes care, based on stereotypes and prejudices against those with diabetes. Plaintiff Nunez's personal physician, a qualified endocrinologist, contested the Army's actions because he knew that Mr. Nunez was fully capable of performing his job as a police officer. But Plaintiff Nunez was still removed from a substantial portion of his job, a decision that caused him financial and emotional damage. If Mr. Nunez had been judged on his abilities by a qualified physician, this litigation would not have been necessary.

**JURISDICTION AND VENUE**

1.  This case is brought pursuant to the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791, et seq. ("Rehabilitation Act"). This Court has jurisdiction of this case

according to 28 U.S.C. § 1331.

2. Venue is invoked pursuant to 29 U.S.C. § 794(a)(1).

## PARTIES

3. The plaintiff, Antonio Nunez, is an adult resident of El Paso, Texas.

4. The defendant, John McHugh, is the United States Secretary of the Army and is sued in his capacity as head of a department in the executive branch of the Federal Government within the meaning of 29 U.S.C. §§ 791 and 794. The defendant may be served with process at his business address, John M. McHugh, Secretary of the Army, 1400 Defense Pentagon, Washington DC 20301-1400. A copy of this complaint is also served on the United States Attorney for the Western District of Texas and on Eric Holder, Attorney General of the United States.

## STATEMENT OF FACTS

5. Mr. Nunez has over two decades of military and law enforcement experience. His service includes active duty in the U.S. Navy and civilian employment by the armed forces as a police officer, security guard, and armorer. He worked as a civilian police officer for the U.S. Navy in San Diego, California for over ten years, leaving in 2002 to become a civilian police officer for the Department of the Army in Fort Bliss, Texas. He has completed well over 1,000 hours of job related training for these positions and has received excellent performance reviews.

6. The Army recognized Mr. Nunez's superior competence and leadership and gave him supervisory authority over supply management and the Fort Bliss police department armory. In these capacities, Mr. Nunez has been responsible for millions of dollars of Army resources

and has supervised dozens of support personnel.  He has gone above and beyond the call of duty and has received numerous commendations, including two Joint Meritorious Unit Awards and a Combat Action Ribbon for his active duty service and numerous performance awards and cash bonuses for his outstanding police work.  In short, Mr. Nunez is highly qualified and dedicated, and he has worked hard for the past ten years to serve Ft. Bliss and its personnel.  Mr. Nunez was certified as fit for duty until an unqualified occupational physician by the name of Philip Lavallee appeared at Fort Bliss.  Dr. Lavallee decided that Mr. Nunez's diabetes disqualified him from police work, although Mr. Nunez's Army supervisors knew he was at all times able to perform his job and consistently recognized and rewarded his service.

7. In October 2007, Mr. Nunez was diagnosed with Type II Diabetes.  For years thereafter, he continued to do his job with distinction and has managed his diabetes in a way that has prevented him from having any deficiencies or complications.  However, despite the fact that diabetes did not interfere in any facet of his job, Lavallee determined that the Army should remove him from his full duties as a police officer on September 14, 2011, due to a misguided perception of his diabetes.

8. Mr. Nunez was placed on light duty by his supervisor, Robert Ostrenga, at the direction of Dr. Phillip Lavallee of the Army Medical Center.  Dr. Lavallee stated that because of Mr. Nunez's diabetes, Mr. Nunez could not wear a weapon or body armor and could not engage in any physical exertion.  However, Dr. Lavallee has no expertise in the treatment of diabetes nor would he listen to anyone who does. With this employer, no matter how qualified a worker is, such as Mr. Nunez, when Lavallee decides that the worker should be placed on light duty, the supervisor simply rubber stamps Lavallee's decision.  Although Army regulations state

that management must make employment decisions, with Fort Bliss, it is actually Lavallee, for management has ceded such decision making to him, regardless of how incompetent those decisions are.

9. Another facet of this employer's unlawful practices is that it removes workers before performing the individualized assessment the Rehabilitation Act requires. In other words, once Lavallee learns that a worker has diabetes, he removes him from full duty. After removing Mr. Nunez from his duties as a police officer, Dr. Lavallee then placed the burden on Mr. Nunez to undergo numerous tests at his own expense. Mr. Nunez's personal physicians understood Mr. Nunez's job requirements and had expertise with diabetes, and they consistently stated that Mr. Nunez was capable of performing the functions of his job. Here, however, non-experts such as Lavallee overrule experts who actually know what they are doing with respect to diabetes care.

10. Even though Plaintiff Nunez is eminently qualified and has a distinguished career as a police officer and supervisor, Defendant refused to allow him to fully perform his job. This is a violation of the Rehabilitation Act. Mr. Nunez is and was a qualified individual with a disability who was removed from his job only because of his disability. Mr. Nunez continues to suffer from the financial and emotional hardships imposed upon him by Defendant's actions.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

11. Mr. Nunez timely sought EEO counseling on October 5, 2011. He exhausted his administrative remedies by filing a formal written complaint with the Department of the Army on November 2, 2011. Neither Mr. Nunez nor his counsel ever received a final decision on his complaint, and more than 180 days have passed since the complaint was filed. All administrative prerequisites have occurred or been performed.

## DISABILITY DISCRIMINATION

12.  The plaintiff is a qualified individual with a disability. The plaintiff performed his job as police officer with distinction, but was removed from that job because of a disability. He has an actual disability. He was also regarded as having a disability by the defendant, and was removed from his job because of a record of a disability.

## DAMAGES

13. The damages suffered by the plaintiff include loss of sick time and overtime, medical expenses, and compensatory damages for the injuries suffered at the hands of the defendant, including, but not limited to, mental anguish.

## RELIEF REQUESTED

The plaintiff asks this court to enter a judgment:

1. Declaring that the acts and practices complained of in this Complaint are in violation of the Rehabilitation Act of 1973;

2. Enjoining and permanently restraining these violations of law;

3. Directing the defendants to pay the plaintiff actual and compensatory damages that he suffered, past and future;

4. Awarding plaintiff pre-judgment interest on the amounts owed at the maximum rate allowed by law;

5. Awarding plaintiff the costs of this action, together with reasonable attorneys' fees and expert witness fees;

6. Awarding plaintiff post-judgment interest on the amount of judgment until paid at the maximum rate allowed by law; and

7. Awarding plaintiff such other relief, legal or equitable, as may be warranted.

          Respectfully submitted,

          s/ John Griffin, Jr.
          State Bar No. 08460300
          203 North Liberty Street
          Victoria, Texas  77901
          (361) 573-5500 – Telephone
          (361) 573-5040 – Telecopier

          Katherine L. Butler
          State Bar No. 03526300
          1007 Heights Boulevard
          Houston, Texas  77008
          (713) 526-5677
          Fax: (713) 526-5691

          David L. Kern
          State Bar No. 11334450
          Kern Law Firm, P.C.
          5823 North Mesa Street, Suite 541
          El Paso, Texas 79912
          (915) 542-1900
          Fax: (915) 242-0000

          Counsel for the Plaintiff